


SGL

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

FILED IN OPEN COURT
JUL 26 2023
CHARLES R. DIARD, JR.
CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | CRIM. NO. 23-156-JB |
| | * | USAO NO. 23R00091 |
| v. | * | |
| | * | VIOLATIONS: 18 USC § 2 |
| | * | 18 USC § 1343 |
| MARCUS COBBS | * | 18 USC § 1349 |
| | * | FORFEITURE NOTICE |

### INDICTMENT

**THE GRAND JURY CHARGES:**

### Introduction

At all times material to this Indictment:

1. The Small Business Administration ("SBA") was created in 1953 as an independent agency of the executive branch of the federal government to aid, counsel, assist, and protect the interests of small business and to maintain and strengthen the overall economy of the United States. The SBA maintained and strengthened the nation's economy by, among other activities, enabling the establishment and viability of small business and by assisting in the economic recovery of communities after disasters. In executing its mission, the SBA provides direct loans to small businesses and those affected by disasters.

2. On March 13, 2020, the President of the United States declared a national emergency concerning the COVID-19 pandemic (Proclamation 9994), and the declaration was further extended on February 18, 2022.

3. On March 27, 2020, the Coronavirus Aid, Relief, and Economic Security ("CARES") Act was enacted to provide emergency financial assistance to the millions of

SEALED

Americans suffering adverse economic consequences caused by the COVID-19 pandemic. The CARES Act established several new temporary programs and provided for expansion of others, including programs created and administered by the SBA.

4. As a part of this effort, the SBA enabled and provided for loans through banks, credit unions, and other lenders. These loans had government-backed guarantees. One source of relief provided by the CARES Act was the authorization of up to $349 billion in forgivable loans to small businesses for job retention and certain other expenses through a program referred to as the Paycheck Protection Program ("PPP"). Congress has since increased the authorization amount for PPP loans to over $813 billion. The PPP required that small businesses must have been in operation on or before February 15, 2020, maintained employees, and realized monthly payroll costs.

5. To obtain a PPP loan, a qualifying business must submit a PPP loan application, which is signed by an authorized representative of the business. The PPP loan application requires that the business (through its authorized representative) acknowledge the program rules and make certain affirmative certifications in order to be eligible to obtain the PPP loan. In the PPP loan application, the small business (through its authorized representative) must state, among other things, its: (a) average monthly payroll expenses, and (b) number of employees. These figures are used to calculate the amount of money the small business is eligible to receive under the PPP. In addition, businesses applying for a PPP loan must provide documentation showing their payroll expenses.

6. A PPP loan application must be processed by an SBA-authorized participating lender. If a PPP loan application is approved, the participating lender funds the PPP loan using its own monies, which are 100% guaranteed by the SBA. Data from the application, including

**SEALED**

information about the borrower, the total amount of the loan, and the listed number of employees, is transmitted by the lender to the SBA while processing the loan.

7. PPP loan proceeds must be used by the business on certain permissible expenses such as payroll costs, mortgage interest, rent, and utilities. The PPP allows the interest and principal on the PPP loan to be entirely forgiven if the business spends the loan proceeds on these expenses within a designated period of time after receiving the proceeds and uses a certain amount of the PPP loan proceeds on payroll expenses.

8. Prestamos CDFI, LLC, ("Prestamos") is an approved PPP lender. Prestamos is headquartered in Phoenix, Arizona, and is a financial institution as defined by 18 U.S.C. § 20.

9. In conjunction with the SBA, Prestamos works jointly with a technology partner whose website and internal PPP platform are hosted by Amazon Web Services, which furnishes information technology infrastructure and computer servers located in the State of Oregon which were used to ingest **MARCUS COBBS'** PPP application.

10. Upon receipt and processing of **MARCUS COBBS'** PPP application, the SBA created a loan number which was, in turn, transmitted from SBA servers in Sterling, Virginia to Prestamos.

11. At all times material to this Indictment, the defendant, **MARCUS COBBS**, was in the Southern District of Alabama.

## COUNT ONE
## Conspiracy to Commit Wire Fraud
## Title 18, United States Code, Section 1349

12. The factual allegations of paragraphs 1 through 11 of this Indictment are re-alleged as though fully set forth herein.

SEALED

13. From in or about April 2021 and continuing to in or about May 2022, the exact dates being unknown, within the Southern District of Alabama, and elsewhere, the defendant,

## MARCUS COBBS

willfully, knowingly, and unlawfully combined, conspired, confederated, and agreed together and with other persons, both known and unknown to the Grand Jury, to commit an offense against the United States, namely, wire fraud in violation of Title 18, United States Code, Section 1343. Specifically, the defendant, with intent to defraud, knowingly conspired to execute, and attempt to execute, a scheme and artifice to defraud the United States, Prestamos, the SBA, and others, and to obtain money and property belonging to the United States, Prestamos, the SBA, and others, by means of materially false and fraudulent pretenses, representations, and promises.

### Objective of the Conspiracy

14. The purpose and objective of the conspiracy was for the conspirators to defraud the United States, Prestamos, the SBA, and others, to obtain money and property belonging to the United States, Prestamos, the SBA, and others, by means of materially false and fraudulent pretenses, representations, and promises.

### Manner and Means of the Conspiracy

15. To achieve the conspiracy's objective, **MARCUS COBBS,** supplied personal identifying information, documents, and other information to co-conspirators so that a PPP loan application, for which he was not eligible, could be submitted in his name.

In violation of Title 18, United States Code, Section 1349.

### COUNT TWO
### Wire Fraud
### Title 18, United States Code, Section 1343

SEALED

16. The factual allegations of paragraphs 1 through 11 of this Indictment are re-alleged as though fully set forth herein.

17. From in or about April 2021 and continuing to in or about May 2022, the exact dates being unknown, within the Southern District of Alabama, and elsewhere, the defendant,

**MARCUS COBBS,**

devised and intended to devise a scheme and artifice to defraud the United States, Prestamos, the SBA, and others, and to obtain money and property belonging to the United States, Prestamos, the SBA, and others, by means of materially false and fraudulent pretenses, representations, and promises.

## Purpose of the Scheme and Artifice

18. It was part of the scheme and artifice that the defendant, **MARCUS COBBS**, would and did submit and cause to be submitted, a false and fraudulent PPP loan application to Prestamos and the SBA to obtain money for his personal use.

19. It was further a part of the scheme and artifice that the defendant, **MARCUS COBBS**, would and did falsely represent on his PPP loan application that he was an independent contractor, identified as engaging in an Uber, Lyft, Ride Share, or Taxi service, and had worked in this business since 2019. The defendant, **MARCUS COBBS**, further falsely represented that he had gross revenues of $98,000.00 during Tax Year 2020. The defendant, **MARCUS COBBS**, also falsely represented that he had average monthly payroll costs of $8,166.67.

20. It was further a part of the scheme and artifice that the defendant, **MARCUS COBBS**, would and did cause Prestamos to make electronic transfers of $20,415.00 into **MARCUS COBBS'** financial account at Navy Federal Credit Union as a result of the false and fraudulent PPP loan application in **MARCUS COBBS'** name.

### The Wire Communication

21.     On or about May 14, 2021, in the Southern District of Alabama, and elsewhere, the defendant,

**MARCUS COBBS**

for the purpose of executing the above-described scheme and artifice, and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals, that is, the defendant, **MARCUS COBBS**, caused an interstate wire communication when a false and fraudulent PPP loan application was submitted to Prestamos and the SBA.

All in violation of Title 18, United States Code, Section 1343 and 2.

### FORFEITURE NOTICE

The allegations contained in Counts One and Two of the Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A) and Title 28, United States Code, Section 2461(c).

Upon conviction for the offenses in violation of Title 18, United States Code, Section 1349 charged in Count One, and/or upon conviction of the violation of Title 18, United States Code, Section 1343 charged in Count Two, the defendant,

**MARCUS COBBS**,

shall forfeit to the United States any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses and property used or intended to be used in any manner or part to commit or to facilitate the commission of the offenses. The property to be forfeited includes, but is not limited to the following:

**MONEY JUDGMENT:** A sum of money in United States Currency of at least $20,415.00 that the defendant obtained as a result of the offenses charged in Counts One and Two.

If, any of the property described above, as a result of any act or omission of the defendant:

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third person;

c. has been placed beyond the jurisdiction of the Court;

d. has been substantially diminished in value; or

e. has been comingled with other property which cannot be subdivided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

All pursuant to Title 21 United States Code, Section 853 and Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF ALABAMA

**SEALED**

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By:

_____
S. GAILLARD LADD
Assistant United States Attorney

_____
SEAN P. COSTELLO    by Kasee S. Heisterhagen
United States Attorney                                    JULY 2023

**SEALED**