**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 23-CR-00156-JB** |
| ) | |
| **MARCUS COBBS** ) | |

**UNITED STATES' MOTION
FOR FORFEITURE MONEY JUDGMENT**

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), 28 U.S.C. § 2461(c) and *Fed. R. Crim. P. 32.2(b)(2)*, the United States of America hereby moves for a Forfeiture Money Judgment against defendant, Marcus Cobbs, in the amount of $20,415.00, representing the proceeds he obtained as the result of the offense in violation of 18 U.S.C. § 1349 as charged in Count One of the Indictment. (Doc.1)

As required by *Fed. R. Crim. P. 32.2(b)(4)(B)*, the United States requests that the Court include the forfeiture when orally pronouncing the sentence and in the written judgment. The United States asks further that the Forfeiture Money Judgment become final as to the defendant at the time it is entered. In support of its motion, the United States submits the following:

**I.   Statement of Facts**

    **A.   Allegations Against the Defendant**

1. On July 26, 2023, the defendant was charged in a Two Count Indictment. Count One charged the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349. Count Two charged the defendant with wire fraud, in violation of 18 U.S.C. § 1343.

2.      The Indictment also contained a forfeiture allegation putting the defendant on notice that, pursuant to 18 U.S.C. § 981(a)(1)(C), 18 U.S.C. § 982(a)(2)(A) and 28 U.S.C. § 2461(c), the United States would seek to forfeit all proceeds obtained as a result of the said offenses including, but not limited to, a forfeiture money judgment in the amount of at least $20,415.00.

**B.      Findings of Guilt and Admissions of Fact**

3.      On July 15, 2024, the defendant pled guilty to Count One of the Indictment. The defendant's sentencing is currently set for November 18, 2024.

4.      The defendant's plea agreement states, in pertinent part, that:

> The defendant agrees to forfeit to the United States any right, title, and interest in all assets subject to forfeiture under the notice of forfeiture contained in the charging document, including property specified in any bill of particulars and property previously seized by the government for administrative, civil, or criminal forfeiture. The defendant further consents to the filing of a motion for a preliminary order forfeiting such property and any dollar amount specified in the notice of forfeiture or bill of particulars, and the defendant confesses the requisite nexus between the property and the charge of the conviction. The defendant hereby withdraws any petition for remission or claim for such property and further waives any right to contest or appeal the government's forfeiture proceedings for any reason, including on grounds that the forfeiture constitutes an unconstitutionally excessive fine or punishment, and in any manner, including by claim, petition, appeal, or collateral attack.

(Doc.48, PageID.133)

5.      The actions of the defendant were in all respects voluntary, knowing, deliberate, and willful, and were not committed by mistake, accident, or any other innocent reason.

**II.     Applicable Law**

The United States is entitled to a Forfeiture Money Judgment against the defendant pursuant to 18 U.S.C. §§ 981 (a)(1)(C), 982(a)(2)(A) and *Fed. R. Crim. P. 32.2* for cases in which a defendant no longer has the actual dollars or property traceable to proceeds in his possession, or the government cannot locate those assets, the obligation to forfeit simply takes the form of a forfeiture money judgment in favor of the United States. *Fed. R. Crim. P. 32.2(b)(1)(A)* provides that, where the United States seeks a personal money judgment, the Court must determine the amount of money that the defendant will be ordered to pay.

Because the United States could not locate specific property constituting or derived from the proceeds the defendant received from the offense in violation of 18 U.S.C. § 1349, it seeks a Forfeiture Money Judgment in the amount of $20,415.00 against defendant, Marcus Cobbs, pursuant to *Fed. R. Crim. P. 32.2(b)(2).* This amount represents the total of all proceeds he obtained (came "into defendant's hands")[1] from the fraud scheme. Based on the guilty plea, the Court found that he obtained or benefited from funds in the amount of $20,415.00. It is appropriate for the Court to enter a Forfeiture Money Judgment pursuant to *Fed. R. Crim. P. 32.2(b)(2)* against the defendant in that amount.

**III.    Conclusion**

For the reasons stated above, the United States requests that, pursuant to 18 U.S.C. § 982(a)(2) and *Fed. R. Crim. P. 32.2(b)(2)*, the Court enter a forfeiture money judgment against defendant, Marcus Cobbs, in the amount of $20,415.00.

The United States further requests that the Court retain jurisdiction to address any third-party claim that may be asserted in these proceedings, to enter any further order

---

[1] *See United States v. Conner*, 752 F.2d 566, 577 (11th Cir. 1985).

necessary for the forfeiture and disposition of such property, and to order any substitute assets forfeited to the United States up to the amount of the forfeiture money judgment.

Respectfully Submitted,

SEAN P. COSTELLO
UNITED STATES ATTORNEY

By: */s/Gina S. Vann*
GINA S. VANN
Assistant United States Attorney
United States Attorney's Office
63 South Royal Street, Suite 600
Mobile, AL 36602
Telephone (251) 441-5845
gina.vann@usdoj.gov